*E-FILED 10/25/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY LEE GRAY, | No. C 10-4614 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL;** |
| v. | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS IN THE INSTANT ACTION** |
| PHYLLIS HAMILTON and RICHARD WIEKING, | |
| Defendants. | |

This is a federal civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges that U.S. District Judge Phyllis J. Hamilton has "impeded" plaintiff's access to the courts by denying plaintiff's application to proceed *in forma pauperis* ("IFP") on appeal from a different action, No. C 10-00845 PJH.[1] Plaintiff also names the Clerk of the Court of the Northern District, Richard Wieking, as a defendant, but fails to offer specific facts as to the nature of plaintiff's claim against him, other than stating that he (plaintiff) received a notice from the Clerk regarding payment of his appellate filing fee. Plaintiff's requested relief is, as construed by this Court, that Judge Hamilton allow him to

---

[1] The Ninth Circuit disposed of this appeal on October 21, 2010 by denying the request for a certificate of appealability.

No. C 10-4614 RS (PR)
ORDER OF DISMISSAL

United States District Court
For the Northern District of California

proceed IFP on appeal.

Plaintiff's claims against U.S. District Judge Phyllis J. Hamilton are DISMISSED WITH PREJUDICE.  A federal judge is absolutely immune from civil liability for acts performed in his or her judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.  *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*).

Plaintiff's claims against Richard Wieking, the Clerk of the Court, are also DISMISSED WITH PREJUDICE.  Not only has plaintiff failed to articulate any specific facts against the Clerk, but the Clerk is immune from suit for sending notices regarding plaintiff's filing fee.  The Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 268–69 (1993).  This immunity extends to individuals performing functions necessary to the judicial process.  *Miller v. Gammie*, 335 F.3d 889, 895–96 (9th Cir. 2003).  Under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune for such critical functions.  *Id.* at 896.  The Court has taken a "functional approach" to the question of whether absolute immunity applies in a given situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it."  *Buckley*, 509 U.S. at 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).  Accordingly, state actors are granted absolute immunity from damages liability in suits under § 1983 for actions taken while performing a duty functionally comparable to one for which officials were immune at common law.  *Miller*, 335 F.3d at 897.

Here, the Clerk's action of sending a notice regarding plaintiff's filing fee is functionally comparable to one for which officials were immune at common law — it is functionally comparable to a judge's determination as to whether a litigant has complied with

1  local rules and procedures. The Clerk, then, is entitled to absolute immunity from his
2  enforcement of the Court's filing local rules and procedures. *See Moore v. Brewster*, 96 F.3d
3  1240, 1244 (9th Cir. 1996) (clerks of court had absolute quasi-judicial immunity from
4  damages for civil rights violations when they performed tasks that were an integral part of
5  the judicial process); *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (clerk of court had
6  absolute quasi-judicial immunity under FTCA where his acts were integral part of judicial
7  process).

8  All plaintiff's claims are DISMISSED WITH PREJUDICE. Plaintiff's motion to
9  proceed IFP as to this district court action (Docket No. 3) is GRANTED. This order
10 terminates Docket No. 3.

11 An appeal may not be taken IFP if the trial court certifies it is not taken in good faith.
12 "Not taken in good faith" means "frivolous." *Ellis v. United States*, 356 U.S. 674, 674–75
13 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). This Court
14 concludes that any appeal from this order will not be taken in good faith because the claims,
15 aside from being frivolous owing to judicial immunity, are not properly brought through a
16 § 1983 complaint. The appropriate method of seeking relief from a judicial ruling is filing an
17 appeal with the appropriate appellate court, as plaintiff did in No. C 10-00845 PJH. The
18 instant action, then, is an unnecessary duplicate of that appeal, and, accordingly, is frivolous.

19 The Clerk shall forthwith notify plaintiff and the Court of Appeals of this order. *See*
20 Fed. R. App. P. ("FRAP") 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on
21 appeal in the Court of Appeals within thirty days after service of notice of this order. *See*
22 FRAP 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district
23 court and the district court's statement of reasons for its action." *Id.* The Clerk shall enter
24 judgment in favor of defendants, terminate the pending motion, and close the file.

25 **IT IS SO ORDERED**.
26 DATED: October 25, 2010

_____
RICHARD SEEBORG
United States District Judge

No. C 10-4614 RS (PR)
3
ORDER OF DISMISSAL